**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRYAN MCMILLAN,

Petitioner,

vs.

NEVADA 8TH DISTRICT COURT, *et al.*,

Respondents.

2:11-cv-01482-KJD-PAL

**ORDER**

Petitioner Bryan McMillan has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #1) and paid the filing fee. It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis. Also, as will be discussed below, petitioner has not named the correct respondents, and therefore, this court lacks personal jurisdiction at this time.

Regarding the statute of limitations, the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the federal habeas petition, petitioner was convicted on November 14, 2007. While unclear, petitioner appears to refer to a direct appeal and a state habeas petition that were both denied as untimely, and this federal petition appears to have been filed beyond the one-year time limitation contained in the statute.

Petitioner may be able to demonstrate that his petition is, in fact, timely. Or petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

Further, petitioner has named the "Nevada 8th District Court" and the Attorney General of the State of Nevada as respondents on the face of his petition. A petitioner must name the state officer who has custody of him or her as the respondent in a federal habeas petition. Rule 2(a), Rules Governing Section 2254 Proceedings; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994). This person typically is the warden of the facility in which the petitioner is incarcerated. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d at 360. If petitioner fails to name the proper respondent in his petition, the court may allow petitioner to amend his petition to name the correct respondent. *See id.* As such, petitioner will be granted thirty days to file an amended caption page, naming the proper respondent, who is the state officer who currently has custody over petitioner.

**IT IS THEREFORE ORDERED** that petitioner has thirty (30) days from the date of entry of this order to file an amended caption page that names the proper respondent. Petitioner is expressly cautioned that failure to do so may result in the dismissal of the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the court will enter an order dismissing the petition.

DATED: February 3, 2012

UNITED STATES DISTRICT JUDGE