UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRYAN MCMILLAN, | ) | |
| | ) | |
| Petitioner, | ) | 2:11-cv-01482-KJD-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NEVADA 8TH DISTRICT COURT *et al.*, | ) ) ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to dismiss (ECF #20).

Petitioner failed to respond to the motion to dismiss. The court observed that contemporaneously with that motion, petitioner apparently was released from custody and filed a notice of change of address (ECF #24). Therefore, out of an abundance of caution, on April 16, 2013, the court directed respondents to re-serve the motion to dismiss on petitioner at his current address of record (ECF #25). The order further directed petitioner to file his opposition, if any, within fourteen (14) days of the date that respondents served him with the motion to dismiss (*id.*). Respondents complied with this order and re-served via U.S. mail the motion to dismiss, the index of exhibits and the exhibits on petitioner at his current address of record on April 17, 2013 (see ECF #26).

On April 26, 2013, petitioner filed a motion for appointment of counsel (ECF #27). On April 29, 2013, the court denied the motion for counsel and directed the petitioner to file his response to the motion to dismiss within fourteen (14) days of that date (ECF #28). On May 9, 2013, petitioner filed a document in which he states that he accepts the court's order denying appointment of counsel (ECF #30). In that document he also "prays" that this court will not dismiss his petition and "prays" for an evidentiary hearing "to present evidence that the habitual criminal sentence was illegal and improper as per Nevada law" (*id.*).

**I. Procedural History**

On September 24, 2007, petitioner entered into a guilty plea agreement (exhibit 10 to respondent's motion to dismiss, ECF #20).[1] He pled guilty to one count of attempted burglary and stipulated to the small habitual criminal enhancement and to a sentence of sixty (60) to one hundred fifty (150) months in the Nevada Department of Corrections. Petitioner was sentenced as set forth in the plea agreement on November 14, 2007 (ex. 12), and the judgment of conviction was entered on November 19, 2007 (ex. 13). Petitioner did not appeal the judgment of conviction nor file a state postconviction habeas petition.

On July 20, 2010, the court filed an amended judgment of conviction to correct a clerical error in the judgment, namely, the original judgment failed to include the fact that the court adjudicated petitioner pursuant to the small habitual criminal enhancement (ex. 14). The amended judgment corrected that clerical error only, it did not change petitioner's sentence in any manner (*see* ex.'s 10, 12, 13, 14).

On October 6, 2010, petitioner filed his first of four motions to correct an illegal sentence in state court; all of the motions were denied (ex.'s 16, 18, 20, 25, 30, 32, 25, 37). Petitioner appealed the denial of the second such motion to the Nevada Supreme Court, which affirmed the denial (ex. 33).

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF #20) and may be found at ECF #s 21 and 22.

On or about September 6, 2012, petitioner mailed or handed to a correctional officer for mailing his federal petition for a writ of habeas corpus (ECF #1). Petitioner filed what he styled as a "resubmission" of his federal habeas petition on September 4, 2012 (ECF #18). Respondents properly construed this as a second-amended petition and filed a motion to dismiss the second-amended petition as untimely and because the grounds are all either unexhausted or fail to state a claim cognizable in a federal habeas proceeding (ECF #20).

The court notes that while petitioner was incarcerated at the time he submitted his federal petition, he apparently is no longer incarcerated (*see* ECF #24). Federal habeas corpus law permits prisoners to challenge the validity of convictions for which they are "in custody." See 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923 (1989) (*per curiam*); *Feldman v. Perrill*, 902 F.2d 1445, 1446 (9th Cir.1990). In order to satisfy the custody requirement, a petitioner must be in custody at the time the petition is filed in federal court. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Petitioner's release does not render his petition moot, however. He challenges a criminal conviction, and a wrongful criminal conviction is presumed to have continuing "collateral consequences" (*id*.). See also *Carafas v. LaVallee*, 391 U.S. 234, 237-238 (1968).

**II. Federal Habeas Petition is Untimely**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an

3

> application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state postconviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, as discussed, petitioner was convicted, pursuant to a guilty plea, and the judgment of conviction was entered on November 19, 2007 (ex. 13). He did not file a direct appeal or a state postconviction petition for a writ of habeas corpus. Petitioner took no action whatsoever until he filed his first motion to correct an illegal sentence on October 6, 2010 (ex. 16). As petitioner had no properly filed application for state postconviction or other collateral review pending during the period

4

of time from thirty days after his judgment of conviction was filed until, almost three years later, that he filed his first motion to correct an illegal sentence, this time is not statutorily tolled on that basis. *See* 28 U.S.C. § 2244(d)(2). The AEDPA statute of limitations had long expired before petitioner filed his motion to correct an illegal sentence on October 6, 2010. Accordingly, petitioner's federal habeas petition, filed on September 14, 2011, is untimely pursuant to 28 U.S.C. § 2244(d).

**III. Petitioner is Not Entitled to Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

Here, petitioner sets forth no arguments regarding timeliness or whether he is entitled to equitable tolling. The only arguable opposition he offers to the motion to dismiss at all is to say that he "prays to this court for a court date to present evidence that the habitual criminal sentence was illegal and improper as per Nevada law" (ECF #30).

Accordingly, the court concludes that petitioner's federal petition is untimely. Petitioner has failed to demonstrate any basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

## IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss this federal petition for a writ of habeas corpus as untimely (ECF #20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

DATED: June 12, 2013

_____
UNITED STATES DISTRICT JUDGE